MARTÍNEZ, PETITIONER, v. CROSAS, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of Certiorari to the District Court of Aguadilla in Administration Proceedings.

No. 216.—Decided March 15, 1918.

ADMINISTRATION—POSSESSION OF PROPERTY.—When objections to an administrator's possession of property are limited to simple statements unsupported by documentary evidence or oath, they are not sufficient to serve as a basis for a ruling, therefore the court can not take them into consideration in order to grant the relief sought.

ID.—ID.—The property of which the administrator of an estate may take possession is that which was in the possession of the decedent at the time of his death.

ID.—PROPERTY NOT OF THE ESTATE—POSSESSION—RESTITUTION.—When it is clearly shown that property which was not in the possession of the decedent has been taken possession of as a part of his estate, the court should order its restitution in the same proceeding and it is not necessary that the person claiming it should have to resort to an ordinary action independent of the administration proceeding.

ID.—POSSESSION—ORDINARY ACTION.—An ordinary proceeding to recover property which is in the possession of an administrator is necessary only when another person considers himself entitled to the property although it was in the possession of the decedent at the time of his death.

ID.—BOND OF ADMINISTRATOR.—Pursuant to section 32 of the Act relating to Special Legal Proceedings, the security furnished by an administrator is only for the benefit of the heirs and to answer for the acts of his administration.

The facts are stated in the opinion.

*Messrs. Víctor P. Martínez* and *Luis Muñoz Morales* for the petitioner.

*Mr. Juan B. Soto* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

Víctor Martínez y Martínez died in the year 1912, leaving a legitimate son named Víctor Primo Martínez y González, who, a month later, was designated as his sole intestate heir.

Some years later Cecilia Méndez succeeded in having her children Pedro Angel and Laura María adjudged acknowledged natural children of Víctor Martínez y Martínez and, together with the legitimate son, designated as heirs of their father as to the shares granted by the Civil Code to natural children.

Subsequently, in representation of her said minor children, Cecilia Méndez filed a verified motion in the District Court of Aguadilla praying for the appointment of an administrator to take possession of the estate left by Víctor Martínez y Martínez, alleging that the property was in the possession of the legitimate son and that some of it was recorded in his name. For the purposes of her motion she designated the said properties.

The legitimate son opposed the appointment of an administrator, alleging, among other things, that his ancestor's liabilities exceeded his assets, and as to the properties referred to by Cecilia Méndez, he stated that some of them belonged to the creditor of Víctor Martínez y Martínez, without mentioning the name of such creditor; he denied that others had belonged to his ancestor, but did not state that they belonged to himself, and although he declared that some of the properties were his own, he did not say how he acquired them. With his answer to the motion he exhibited two affidavits showing that two persons made an inventory of the estate from which it resulted that the debts exceeded the property left. They did not state by whose order they did this, but it may be deduced that it was done by order of the heir.

The court granted the administration, named an administrator and ordered that he be given possession of the properties enumerated in the petition of Cecilia Méndez, and to this end the clerk issued a writ to the marshal in which the properties were described.

Perhaps all of the properties were not delivered to the administrator at that time, for later Cecilia Méndez moved that some properties which the said administrator had not taken possession of should be delivered to him and this motion was opposed by the legitimate son who alleged, among other things, in general terms that certain properties referred to in the motion of Cecilia Méndez belonged to him personally because he bought them in 1906, as the attorney for the adverse party knew. The court ordered the delivery as moved for.

Subsequently the legitimate son filed a new motion praying, among other things, that the property belonging to him which had been taken possession of as a part of the inheritance be returned to him. The motion is not verified nor supported by documentary proof, but this is the first time during his long contest in this case that Víctor Primo Martínez advances anything which might justify his claim by reciting what properties among those taken possession of belong to him personally, dividing the said properties into three groups. He includes in one group the properties acquired by him after the death of his father, in another those which he acquired before that time and in the third the properties allotted to him in the settlement of the estates of his parents. The administrator having been heard on this motion, the district court overruled it as to the said point on the ground that if the properties were returned to him on his averment alone the administration would be impracticable, and that if a coheir believes that he has a right to the exclusive ownership of a property included in an administration or inventoried for the purpose of partition, his remedy is to bring a separate action against the succession

or the estate for a judgment in his favor as the sole owner of the property.

Later and at the instance of the mother of the minors the court ordered that two properties which were shown by the registry of property to have been inherited by the legitimate son from his parents should be delivered to the administrator because they belonged prima facie to the estate. Also, by another order the court authorized the administrator to sue the legitimate son for the recovery of certain properties which had not been included in the notarial inventory of the property, because the said properties were recorded in his name in the registry of property.

The legitimate son again insisted that the properties taken possession of should be returned to him and in support of his motion exhibited for the first time two public deeds referring to two of the properties taken possession of. One of them referred to a property of 11.95 acres situated in the ward of Hato Arriba of San Sebastián which he purchased from José de los Santos Hernández before the death of his father, and the other was a deed by which after the death of his father he sold on credit secured by a mortgage a property of one hundred and eleven acres in the ward of Purísima Concepción of the municipal district of Las Marías, which he acquired in the lifetime of his father from Pedro Méndez in settlement of a mortgage debt.

On December 1, 1917, the court overruled this motion on the ground that in former decisions rendered in the case it had been held that when property under administration is claimed it should be sued for in the proper ordinary action.

At this stage of the case Víctor P. Martínez y González filed in this court a petition for a writ of certiorari to the judge of the District Court of Aguadilla based on various grounds, and the writ having issued, his attorney, at the hearing thereon, orally and by brief confined the issue to the question which we have referred to and which was finally

decided by the order of December 1, 1917, herein substantially transcribed.

The foregoing facts plainly show that although the sworn denouncement by Cecilia Méndez of the properties left by the deceased was opposed under oath by Víctor P. Martínez y González, nevertheless such opposition in no way contradicted that denouncement inasmuch as it failed to allege any fact which could convince the court that it had ordered the taking possession of property which did not belong to the estate of Víctor Martínez y Martínez. The subsequent opposition of the legitimate son to the taking possession of properties was limited to mere statements by him, unverified and unsupported by documentary proof, and these cannot serve as a basis for a judicial decision, wherefore the court could not consider them in support of his claim. *People* v. *Pujols,* 23 P. R. R. 818.

A period of eighteen months was necessary to convince the legitimate son and heir that he should not content himself with simple statements, but that he should furnish the court with some evidence to overcome the verified allegations of Cecilia Méndez that the properties described in her motion composed the estate left by Víctor Martínez y Martínez, for not until November 26, 1917, did he exhibit the notarial copies of the two public deeds to which we have referred and according to which the property and mortgage credit referred to do not form a part of the estate left by the said ancestor, because before his death they were in the possession of his legitimate son who had purchased them from third persons.

However, although this appeared clearly from the said documents the court refused to rule on the motion because it was of the opinion that Víctor P. Martínez should assert his claim in an independent and ordinary action.

The property which can be taken possession of by an administrator of an estate is the property which was in the possession of the ancestor at the time of his death. There-

fore, when an administrator takes possession of property as belonging to the estate which was not in the possession of the ancestor at the time of his death and this is clearly shown to the court which ordered its delivery to the administrator, the court should order its restoration in the same proceeding without making it necessary for the claimant to resort to an ordinary action independent of the administration proceedings. Such an action is necessary only when another person believes that he has a right to the property notwithstanding the fact that the deceased was in possession thereof at the time of his death.

The allegation of the attorney for the mother of the minors contrary to our conclusion, made at the hearing on this appeal, is not sustained by his attitude in the lower court, since in making the notarial inventory of the properties he failed to include therein some of the properties enumerated in his motion, the reason for such omission being that they are recorded in the name of the legitimate heir, wherefore he moved for and obtained permission from the court for the administrator to sue for them in an ordinary action.

Nor does the fact that the administrator is under bond sustain the theory of the attorney for the defendant, since it may be deduced from section 32 of the Special Legal Proceedings Act that the bond is furnished only for the benefit of the heirs and to answer to them for the acts of administration, inasmuch as the administrator may be released therefrom by the adult heirs. On the other hand, the denouncement of the properties which gave rise to the taking possession of them was made by the mother of the minors.

For the foregoing reasons the lower court erred in not considering the documents presented to it by petitioner Víctor P. Martínez y González and in this particular its order of December 1, 1917, must be set aside and the case

remanded with instructions to consider the said documents, and decide the matter in accordance with the principles herein laid down.

*Reversed in part.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.